```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
          WESTERN DIVISION
```

| | |
|---|---|
| **MEGHAN LEATH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25-cv-2319-MSN-tmp |
| | ) |
| **NELNET, INC.,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Meghan Leath's complaint.[1] Because Leath is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Leath's complaint be dismissed.

### I.   PROPOSED FINDINGS OF FACT

Leath filed her complaint on March 20, 2025, alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (ECF No. 2.) Leath alleges that she has multiple student loan accounts serviced by defendant Nelnet, Inc.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2] The undersigned granted Leath leave to proceed *in forma pauperis* on June 9, 2025. (ECF No. 8.)

("Nelnet"). (Id. at PageID 2.) According to Leath, in January 2025, Nelnet "incorrectly reported [her] student loan accounts as 90 days past due, despite a consistent history of timely balances and no past due amounts prior to this date." (Id.) Leath then produced a chart summarizing the balances of her eleven student loans. (Id. at PageID 3.) She claims that each loan is serviced under one account, and that by reporting each loan as past due, Nelnet "create[d] multiple derogatory marks on [her] credit report for what should be reported as a single account in good standing." (Id.)

Leath seeks to bring a single count under 15 U.S.C. § 1681s-2(a). (Id. at PageID 4.) She alleges that Nelnet "negligently and/or willfully furnished inaccurate information by reporting [her] accounts as 90 days past due despite no evidence supporting this claim," and that she "has suffered harm, including damage to her credit reputation, emotional distress, and financial loss." (Id.) She asks that the court order Nelnet to remove the inaccurate information, as well as award actual damages, statutory damages, punitive damages, and costs and attorneys' fees pursuant to the FCRA. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x

608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

Leath seeks to bring a FCRA claim under 15 U.S.C. § 1681s-2(a). "[The] FCRA exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 614 (6th Cir. 2012) (quoting Safeco Ins. Co. v. Burr, 551 U.S. 47, 52 (2007)). "[Section] 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."[3] Id. Section 1681s-2(a) imposes a duty on furnishers "to provide [credit reporting agencies] with accurate information about their consumers." Id. But it does not create a private cause of action where furnishers fail to comply. Id. at 615 ("This is because § 1681s-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a [credit reporting agency]."); see also Carter, 2025 WL 1065379, at *4 ("The law is clear that there is no private cause of action for consumers against furnishers of

---

[3] "While § 1681s-2 does not define 'furnisher,' courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" Carter v. Holzman L., PLLC, No. CV 24-11990, 2025 WL 1065379, at *3 (E.D. Mich. Feb. 13, 2025), report and recommendation adopted, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) (quoting LaBreck v. Mid-Mich Credit Bureau, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).

information for failure to comply with § 1681[s-2(a)]." (citing Boggio, 696 F.3d at 615)). Because § 1681s-2(a) does not supply a right of action, Leath cannot state a claim under that provision, and the undersigned recommends that her complaint be dismissed.

### III. RECOMMENDATION

Based on the above, it is recommended that Leath's complaint be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 9, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**